UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD J. WILEY, | Case No. 2:23-cv-00141-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | and |
| LAS VEGAS POLICE, COUNTY JAIL, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is Plaintiff Edward J. Wiley's application to proceed *in forma pauperis* and his Civil Rights Complaint. ECF Nos. 1, 1-1. Mr. Wiley's *in forma pauperis* application is complete and granted. However, Mr. Wiley fails to state a claim upon which relief can be granted.

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same

requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 and n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's Complaint, when broadly construed, appears to potentially allege a violation of Plaintiff's Fourth Amendment Rights pertaining to an illegal arrest, as well as a Fourteenth Amendment due process claim pertaining to pretrial events that occurred while he was incarcerated. However, the Court is unsure whether Plaintiff seeks to assert both of these claims and whether the events described while Plaintiff was incarcerated were pre or post-conviction.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff's allegations fails to identify a cause of action and, while the allegations are sufficiently understood, the Court cannot discern what claim or claims Plaintiff seeks to assert. *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (internal quotation omitted). Plaintiff's Complaint says Defendants did him wrong, but fails to put Defendants on notice of what claims are alleged against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff be given one opportunity to file an amended complaint that addresses the deficiencies identified above.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, he be required to do so **no later than March 1, 2023**.

IT IS FURTHER RECOMMENDED that the Clerk of Court send Plaintiff the instructions and form for filing a civil rights complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint by or before **March 1, 2023**, this matter be dismissed in its entirety without prejudice.

Dated this 30th day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).